## McLean County Coal Company v. City of Bloomington.

MERCHANDISE—*when demand for delivery of, not unreasonable.*
*Held,* from the evidence in this case, that a city was not un-
reasonable in anticipating its necessities for coal covered by
a contract of purchase and in demanding delivery. *Held,* further,
that upon refusal to make such delivery, such city had the right
to go into the open market and purchase the coal in question
and charge against the vendor the difference between the price
paid and the contract figure.

Assumpsit. Appeal from the Circuit Court of McLean county;
the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this
court at the May term, 1907. Affirmed. Opinion filed December
7, 1907.

SPENCER EWING, for appellant; JAMES S. EWING, of
counsel.

LOUIS FITZ HENRY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

This is an action in *assumpsit* by appellant against
appellee to recover $1,060.33, the contract price of
coal sold and delivered to appellee during the month
of March, 1906. Appellee pleaded the general issue
and gave notice of a special defense by way of set-off,
arising from the failure of appellant to deliver coal
promptly as ordered during the month of March, 1906,
as required by the terms of the contract, and the con-
sequent purchase by appellee of 501 tons of coal at the
market price in the open market, for which appellee
was obliged to pay $578.32 in excess of the contract
price, and which amount it offered to set off against
the claim of appellant. Upon a trial by the court with-
out a jury, the set-off of appellee was allowed and
there was a finding and judgment in favor of appel-
lant for $482.01.

The contract between appellee as party of the first

part and appellant as party of the second part after specifying the quality of coal and prices for which the same should be delivered at the several places indicated, provided as follows:

"Said second party further agrees that coal of the kind and quality specified herein shall be delivered promptly as ordered, and that upon failure to make deliveries as ordered, the said City of Bloomington shall have the right either to forfeit this contract, or go into open market and buy coal for its use at the current market price, and the said McLean County Coal Co. agrees to pay the said City of Bloomington in case said City of Bloomington purchase coal in the open market, the entire excess of cost of such coal over and above the contract price herein specified.

It is further agreed that this contract shall hold good for one year from the first day of July, 1905, and that said second party during the time of any strike at its mine shall not be required to deliver coal as herein specified, provided said strike prevents the operation of the mine. Neither shall said second party be required to deliver coal under this contract in case of unavoidable accident which may prevent the operation of the mine, it being the sense of this contract that so long as the said second party has coal of the kind and quality described herein for sale, or so long as its mine may be in operation during the continuance of this contract the said second party shall furnish the coal herein required of it."

The facts involved and necessary to a discussion of the case are stipulated to be, as follows: That during the month of February, 1906, there were rumors of an impending strike in the coal mines, and that appellee, in anticipation of such strike and the consequent inability of appellant to deliver coal, ordered coal from appellant under the contract, in excess of the then present requirements of appellee; that during said month of February, 1906, appellee ordered and appellant delivered 890 tons of coal; that during the month of March, 1906, appellee continued to order coal and

appellant delivered 562 tons, but failed to deliver all of the coal ordered by appellee; that in March, 1906, and after the failure of appellant to deliver all of the coal ordered by appellee during that month appellee purchased 500 tons of coal in the open market and paid therefor $578.32 in excess of the contract price; that the threatened coal strike went into effect April 1, 1906, and continued until June 1, 1906, during which time appellant was prevented from operating its mine; that from June 1, 1906, and until the expiration of the contract, July 1, 1906, appellant delivered all coal ordered by appellee, and appellee accepted and paid for the same.

It is insisted on behalf of appellant that the contract in question should be construed as only authorizing appellee to order coal in such quantities and at such times as the same was required or needed for use in the several departments of the city; that appellant had the right to exercise its judgment as to the needs of appellee and as the amount of coal which would supply the ordinary and reasonable uses and necessities of appellee. We do not concur in this view. While the contract did not authorize appellee to order coal indiscriminately for purposes other than use in the several departments of the city during the year ending July 1, 1906, it is to be distinguished from contracts which only authorize a purchaser to order material as required or as needed in the regular course of business. The agreement on the part of appellant to deliver coal "promptly as ordered," and the provision in the contract, requiring appellant, so long as it had coal of the kind and quality described therein for sale, or so long as its mine was in operation during the continuance of the contract, to furnish the same, is to be construed as giving appellee a more liberal discretion than that involved in the other class of contracts before mentioned. In either case the discretion, while it is to be exercised reasonably within the purposes of the contract, vested in the purchaser and not in the seller.

McLean County Coal Co. v. City of Bloomington.

In March, 1906, when appellee ordered coal and appellant refused to deliver the same its coal mine was in operation and it presumably had on hand for sale sufficient coal of the kind and quality designated in the contract to fill the order, and the quantity of coal then ordered was within the requirements of appellee for use in its several departments during the existence of the contract. Under such circumstances, we are of opinion that appellee had the right under the contract to order the quantity of coal in question in anticipation of an impending strike in the mines, and that appellant was bound to deliver the same when so ordered.

The exercise by appellee of its discretion was not unreasonable, and its right, as provided in the contract, to set off the difference between the contract price and the market price of coal as against the claim of appellant cannot be defeated upon the ground that the quantity of coal then ordered by appellee was more than sufficient for its then present necessities. The strike in the coal mines was then imminent and was actually called a few days after the coal in question was ordered to be delivered and its delivery refused. Appellee cannot be held to have known with any degree of exactness how long the strike might continue, or to what price the coal might rise during the continuance of the strike, and in the absence of any showing that its demand for coal to be used during the term of the contract was unreasonable, we think it had the right, in good faith, to anticipate its reasonable necessities, and upon the refusal of appellant to fill the order, to purchase coal in the open market at the market price. We perceive no error in the record and the judgment will be affirmed.

*Affirmed.*